*J. G. B. Erwin,* contra.

---

### 13780.   ARMINGTON & SONS *v.* BURNEY, solicitor.

The judgment condemning the automobile alleged to have been used in transporting whisky was conclusive upon the intervenors, who did not except to it and did not, until after the sale of the property under that judgment and the distribution of the fund arising from the sale, bring their intervention to the attention of the court; and the court did not err in rendering judgment against their claim.

DECIDED DECEMBER 12, 1922.

Intervention in confiscation proceeding; from city court of Waynesboro — Judge W. H. Davis. May 3, 1922.

*H. C. Hatcher,* for plaintiff in error. *F. S. Burney,* contra.

LUKE, J. This was a proceeding under the act of 1917 (Act Ex. Sess. 1917, p. 16) to condemn an automobile alleged to have

been used in transporting whisky and alleged to be the automobile of one Clark. As shown by the note of the trial judge preceding his certificate to the bill of exceptions, the action was brought on May 14, 1918, and on the same day a copy of the forefeiture proceedings was served on Clark. On June 7, 1918, Armington & Sons filed an intervention and claim. On June 13 the automobile was ordered sold under the terms of the statute. On June 15 and 22 notices of the sale of the property were published as required by the order. On June 29 the automobile was sold before the court-house door. On October 5, 1918, the proceeds of the sale were distributed among the officers and the county. The intervention filed was not heard or *brought to the attention of the court until after the sale of the property and the distribution of the fund.* On May 3, 1922, counsel for the intervenors presented the intervention to the court, and, after the introduction of evidence in behalf of the intervenors, the court rendered judgment against their claims. It does not appear that the intervenors excepted to the judgment, dated June 13, 1918, finding the property subject to the condemnation proceedings, or that they did not have knowledge of it or of the published notices of sale. The plaintiffs in error are not seeking in their bill of exceptions to set aside that judgment; and the judgment, not having been made through any fraud or mistake (the record shows no such claim by the plaintiffs in error), is conclusive upon the intervenors. It follows that the court did not err in rendering judgment against the claims of the intervenors.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*